Caroline **HANS**, and other similarly situated employees, Maxine L. McClymont; Douglas K. Adams–Smith; Robert L. Van Vorst; Greg Billings;

Lamont Staker; David M. Fletcher; Earl J. Beard; William Ruberg; Randy D. Smith; Larry A. Nutter; Ronald D. Miller, Plaintiffs–Appellants,

v.

**ALYESKA PIPELINE SERVICE COMPANY, an Alaskan Corporation, Defendant–Appellee.**

No. 99–35070.

D.C. No. CV–94–00495–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided Aug. 16, 2001.

Before FERGUSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

We review de novo a district court's decision to grant summary judgment.[2]

A. Fair Labor Standards Act.

■ Appellants argue that Alyeska had an "actual practice" of making disciplinary suspensions for other than a full workweek, but the evidence in the record does not establish a genuine issue of fact as to this contention.

■ There is only an "actual practice" of making improper deductions if the employer's practices reflect an objective intention not to pay a class of employees on a salaried basis.[3] There is no evidence in this case of any objective intention other than the number of suspensions.

■ In this case, there were fourteen suspensions in ten years. Of the fourteen suspensions, seven were made for whole week intervals, so they do not count toward any indication of an "actual practice" of suspensions for other than a full workweek.[4] Six of these whole week suspensions were for such days as Wednesday through Tuesday instead of Monday

through Friday, but the excerpts of record do not establish that these people worked Monday through Friday as opposed to any other workweek, or whether they were paid Fridays, monthly, bimonthly, biweekly, or at some other interval, so we need not resolve whether such a seven-day period as Wednesday to Tuesday is or is not a full workweek. The Fair Labor Standards Act regulation for non-exempt employees defines "workweek" as 168 hours which "need not coincide with the calendar week but may begin on any day,"[5] so without establishing that the workweek for the employees at issue began on Monday, the appellant has no factual predicate for the argument that a Wednesday to Tuesday suspension was not a workweek suspension.

That leaves only seven suspended employees. One of the seven employees was suspended for less than a full workweek but was paid his salary through the period of suspension, so there was no improper deduction. Another employee was suspended for two workweeks, i.e., ten days, but it ran into a fraction of a third calendar week because of the intervening Christmas and New Year holidays. Because the intention was to suspend him for a two workweek period, taking into account the holidays for which he would, as a practical matter, be paid, this suspension does not establish an objective intention not to pay on a salaried basis.

This leaves five suspensions in ten years for other than a week among 750 employees. We have held that there is no "actual

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**2.** See Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir.2000).

**3.** See Klem v. County of Santa Clara, 208 F.3d 1085, 1091 (9th Cir.2000).

**4.** 29 C.F.R. § 541.118(a) (To remain exempt, "an employee need not be paid for any workweek in which he performs no work.")

**5.** 29 C.F.R. § 778.105.

practice" for improper suspensions of one, two, and six employees.[6] Under our precedent, the five suspensions do not evince an objective intention not to pay on a salaried basis.

■ Because there is no "actual practice," "the window of correction is available to cure inadvertent or isolated violations of the 'salary basis' regulations"[7] such as these.[8] There is no evidence of a "practice and policy of noncompliance" that would make the window of correction unavailable.

■ The employees also argue that even if there was no actual practice of making improper deductions the employment policy created a "significant likelihood" of disciplinary deductions since the policy listed a host of penalties available, one of which was suspension without pay. On its face the policy covered all employees, exempt and non-exempt. The employees cannot establish that an improper deduction would in fact be made to an exempt employee in any particular, specific circumstance. Under these circumstances, it cannot be said that "there was, objectively, a significant likelihood that penalties inconsistent with salaried status would be made." [9]

We reject appellants' argument that the employer should be treated as having made a binding judicial admission that it engaged in an actual practice of making improper deductions. Such limited concessions as were implied by the employer's papers were made in accordance with our decision in *Abshire v. County of Kern*,[10] but that decision was overruled by the Supreme Court in *Auer*. It would be inequitable to hold the employer to concessions made pursuant to a case that was incorrectly decided and subsequently overruled.[11] The district court did not abuse its discretion in declining to treat the employer as having judicially admitted the pre-*Auer* concessions.

---

6. See *Childers v. City of Eugene*, 120 F.3d 944, 947 (9th Cir.1997) (one suspension); *Paresi v. City of Portland*, 182 F.3d 665, 668 (9th Cir. 1999) (two improper suspensions not sufficient to constitute an "actual practice"); *Block v. City of Los Angeles*, 253 F.3d 410, 422 (9th Cir.2001) (holding that a "reasonable factfinder could infer from the facts and circumstances surrounding the suspensions that the [six] improper suspensions do not amount to a pattern or practice of violations demonstrating an intention not to pay employees on a salaried basis"); *but see id.* at 419 (finding actual practice based on 13 improper suspensions).

7. *Klem*, 208 F.3d at 1091.

8. See *Auer v. Robbins*, 519 U.S. 452, 463, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) ("[W]here a deduction not permitted by the salary-basis test is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future."); *see also* 29 C.F.R. § 541.118(a)(6).

9. *McGuire v. City of Portland*, 159 F.3d 460, 463 (9th Cir.1998) ("Where a broad disciplinary policy applies to all employees, including those not paid on a salary basis, no clear inference can be drawn as to the likelihood of a sanction's being applied to the salaried employees. Furthermore, where a range of suspensions could be imposed, some of which would be consistent with salaried status, the policy does not effectively communicate that impermissible suspensions would be made as to salaried employees."); *see also Childers*, 120 F.3d at 946–47 (noting that *Auer* held that the mere existence of a disciplinary policy that nominally subjects exempt employees to sanctions does not render employees nonexempt under the salary basis test).

10. 908 F.2d 483 (9th Cir.1990).

11. See *McGuire*, 159 F.3d at 463 ("The Chiefs also rely on the prior finding of the district court in this case that the City has an express disciplinary policy that applies to the Chiefs. In making this argument, the Chiefs fail to account for the change in law signaled in *Auer v. Robbins*.")

**B.  Tender Back.**

Appellants took substantial severance pay in exchange for their promises not to bring lawsuits such as this one, but then brought them anyway.  They appeal the district court's decision that they must tender back to the employer the relevant portion of the severance pay.  The employer confesses error under *Oubre v. Entergy*,[12] which came down subsequent to the district court's ruling.  Because the district court's judgment that the Fair Labor Standards Act was not violated except in isolated instances for which the window of correction is available, the employer concedes that the tender back issue need not be reached.

**C.  Conclusion**

The judgment is AFFIRMED except that it is remanded for correction in accord with appellee's confession of error regarding the tender back determination.

---

**12.**  522 U.S. 422, 118 S.Ct. 838, 139 L.Ed.2d   849 (1998).